UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM CALDWELL,<br><br>          Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>          Respondent. | Case No. 1:12-cv-00442-CWD<br><br>**INITIAL REVIEW ORDER** |

Idaho state prisoner William Caldwell has filed a Petition for Writ of Habeas Corpus in this Court, which the Clerk has filed conditionally pending the Court's initial review. (Dkt. 3.) The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

## BACKGROUND

In 2007, Petitioner entered an *Alford* plea in state district court to one count of rape and one count of conspiracy to commit murder, and the state court sentenced him to an aggregate term of life in prison with the first 13 years fixed. (Petition, Dkt. 1, pp. 1-2.) Petitioner did not file a direct appeal, but nearly one year later he submitted a petition for

**INITIAL REVIEW ORDER - 1**

post-conviction relief, raising numerous claims. (*Id*. at 2-3.) According to Petitioner, his appointed counsel moved to dismiss the post-conviction action without Petitioner's knowledge or consent, and Petitioner did not learn of the court's order of dismissal until he wrote the clerk in May of 2012. (*Id*.) He attempted to file a late appeal, but his attempt was unsuccessful. (*Id*.)

In his Petition for Writ of Habeas Corpus, Petitioner claims that he was deprived of his constitutional rights to the effective assistance of counsel and due process of law because (a) his trial counsel did not file a direct appeal from the judgment of conviction, contrary to Petitioner's instructions, and his post-conviction counsel did not inform him of the dismissal of his petition, and (b) he was not served with a copy of the order of dismissal in the post-conviction action or permitted to appeal out-of-time.

## REVIEW OF THE PETITION

Federal courts may entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Court has reviewed the Petition and finds that Petitioner has raised a cognizable claim that he was deprived of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel, but limited to his allegation that trial counsel failed to file a notice of appeal after the judgment of conviction was entered despite Petitioner's instructions that his counsel do so. Petitioner may proceed with this claim. Petitioner's

**INITIAL REVIEW ORDER - 2**

other claims, however, involve potential error in the state post-conviction process and do not raise constitutional questions that can be remedied in a federal habeas proceeding. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) ("a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, the Court concludes that Petitioner's allegations of post-conviction error – including ineffective assistance of counsel, a lack of fair notice of dismissal, and an inability to file an out-of-time appeal – do not state claims on which relief may be granted.

This does not mean that all of Petitioner's arguments related to errors in the state post-conviction process are irrelevant. For instance, a persuasive claim of ineffective assistance of counsel in a post-conviction matter can now be a valid "cause" to excuse a procedurally defaulted claim of ineffective assistance of trial counsel when a petitioner otherwise failed to raise and exhaust the trial counsel claim in the state courts. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). As a result, Petitioner's allegations may still be relevant to rebutting certain procedural defenses that Respondent might choose to raise in his response.

Accordingly, the Clerk of Court shall serve a copy of the Petition on Respondent, who shall file an answer or other appropriate responsive motion to the claims within 90 days of the date of this Order. Respondent shall also supply the relevant portions of the state court record.

Petitioner should be aware of the following standards of law that may apply to his

**INITIAL REVIEW ORDER - 3**

case.

    1.    <u>Statute of Limitations</u>

The Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event is the date upon which the judgment became final, either after the direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v.*

**INITIAL REVIEW ORDER - 4**

*Florida*, 130 S.Ct. 2549, 2560 (2010).

      2.      <u>Exhaustion and Procedural Default</u>

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim properly, the petitioner must first have fairly presented it to the highest state court for review in a procedurally proper manner under state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner raised a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the

**INITIAL REVIEW ORDER - 5**

petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

      3.     <u>Claims Proceeding on the Merits</u>

For any claims that were adjudicated on the merits by the state court, Petitioner must show that the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the

United States, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

## ORDER

**IT IS ORDERED:**

1. Petitioner's request for the appointment of counsel, contained within his Petition, is DENIED without prejudice. There is no constitutional right to counsel in a habeas proceeding, although counsel may be appointed for indigent petitioners in the interests of justice. Petitioner has been able to articulate his claims without the assistance of counsel, and it is unclear at this early juncture whether any of his claims are potentially meritorious.

2. The Clerk of Court shall serve a copy of the Petition (Dkt. 1) and this Order on L. LaMont Anderson, Deputy Attorney General, on behalf of Respondent, at his registered ECF email address. If Respondent has already been served with this Order and the Petition through the ECF system, the Clerk need not re-serve a copy by email.

3. Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts **within 90 days** after entry of this Order.

4. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court

record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5. If the response to the habeas petition is an answer, it should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of each claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

7. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

**INITIAL REVIEW ORDER - 8**

8. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

9. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless; or (4) notices of intent not to file a reply. If additional briefing is required on any motion, the Court will order it.

10. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

**INITIAL REVIEW ORDER - 9**

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

12. Petitioner shall at all times keep the Court and Respondent advised of any changes in address. Failure to do so may result in dismissal.



DATED: January 10, 2013

Honorable Candy W. Dale
United States Magistrate Judge