UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM CALDWELL,<br><br>                Petitioner,<br><br>  v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:12-cv-00442-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner William Caldwell's Petition for Writ of Habeas Corpus (Dkt. 1). Respondent has filed a Motion for Summary Dismissal. (Dkt. 9). Petitioner has filed a response to the Motion (Dkt. 11). Respondent has filed a reply (Dkt. 12), and Petitioner has filed a sur-reply (Dkt. 13). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on April 15, 2013 (Dkt. 8). *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs

**MEMORANDUM DECISION AND ORDER  1**

and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing the Petition with prejudice as untimely.

## BACKGROUND

On September 20, 2006, Petitioner was charged in the First Judicial District Court in Kootenai County, Idaho, with nine counts of rape and one count of lewd conduct with a minor under sixteen, along with a persistent violator enhancement. (State's Lodging A-5.) Petitioner was later charged with conspiracy to commit first-degree murder, with another persistent violator enhancement. (State's Lodging B-3; B-6.) The two criminal cases were consolidated. (State's Lodging B-7.)

Most of the charges were dismissed pursuant to a plea agreement, and Petitioner pleaded guilty to one count of rape and one count of conspiracy to commit first-degree murder. (State's Lodging A-6; B-8.) The judgments of conviction were entered on June 26, 2007. (State's Lodging A-10; B-12.) Petitioner was sentenced to a unified term of life imprisonment with the first 13 years fixed on the rape count, and to a unified term of life imprisonment with the first 10 years fixed on the conspiracy count, the sentences to run concurrently.

Although Respondent claims that the plea agreement contained a waiver of

**MEMORANDUM DECISION AND ORDER  2**

Petitioner's right to appeal (*see, e.g.*, Dkt. 9-1 at 2), the copies of the agreement lodged with the Court show the appeal waiver as having been crossed out. (State's Lodging A-6; B-8.) Further, both criminal judgments state that Petitioner had the right to appeal. (State's Lodging A-10; B-12.) The Court will assume for purposes of this decision that Petitioner did not waive his right to appeal either his conviction or sentence. Nonetheless, Petitioner did not appeal.

On May 14, 2008, Petitioner filed a postconviction petition with the state district court. (State's Lodging C-2.) Petitioner's counsel later filed a motion for voluntary dismissal "because of the wishes of the Petitioner." (State's Lodging C-6.) The postconviction petition was dismissed on December 26, 2008. (State's Lodging C-7.) Petitioner did not file an appeal within the time limits established by Idaho law. Petitioner attempted to file a late appeal on June 19, 2012. (State's Lodging D-1.) The Idaho Supreme Court conditionally dismissed the appeal as untimely, but allowed Petitioner to show good cause for the untimely appeal. (State's Lodging D-2.) After Petitioner submitted a brief arguing that his postconviction counsel was ineffective and that he had not been notified of the dismissal of his postconviction petition (State's Lodging D-3), the Idaho Supreme Court entered a final order of dismissal on August 8, 2012. (State's Lodging D-4.)

Petitioner filed his federal Petition for Writ of Habeas Corpus, at the earliest, on

**MEMORANDUM DECISION AND ORDER  3**

August 24, 2012.[1] Petitioner was allowed to proceed on his claims that trial counsel was ineffective for failing to file a direct appeal from Petitioner's conviction and sentence. (Initial Review Order, Dkt. 4, at 2-3.)

## DISCUSSION

Respondent contends that Petitioner's claims are untimely and procedurally defaulted. The Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner (1) is entitled only to limited statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely. Thus, the Court need not address Respondent's procedural default argument, nor Petitioner's contention that his procedural default is excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

## 1.      Standard of Law Governing Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER  4**

2.     **Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24,

1996, established a one-year statute of limitations for federal habeas corpus actions. *See*

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations

period is triggered by one of four events:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's case is subject to 28 U.S.C. § 2244(d)(1)(A)—his conviction became

final on the date of the conclusion of direct review or the expiration of the time for

seeking such review, and his federal petition was due one year later. The judgments of

conviction were issued on June 26, 2007. (State's Lodging A-10; B-12.) Idaho law

provides a 42-day period within which a criminal defendant may file an appeal. *See* Idaho

**MEMORANDUM DECISION AND ORDER  5**

Appellate Rule 14(a). Because Petitioner did not file a direct appeal, his conviction became final on August 7, 2007, 42 days after entry of the judgments. Ordinarily, then, the Petition would have been due on August 7, 2008.

However, the one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. Any post-conviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The limitations period may also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562

**MEMORANDUM DECISION AND ORDER  6**

(2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

### 3.     The Petition Was Not Timely Filed

Absent tolling, the statute of limitations period would have expired on August 7, 2008. Petitioner filed his federal Petition in this Court on August 24, 2012. Thus, the claims in the Petition are barred by AEDPA's one-year statute of limitation unless Petitioner establishes that he is entitled to statutory or equitable tolling or that he is actually innocent.

#### A.     *Statutory Tolling*

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the time between the date the conviction became final and the

MEMORANDUM DECISION AND ORDER  7

filing of a state postconviction petition is not subject to statutory tolling. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *abrogated on other grounds by Pace*, 544 U.S. 408. Therefore, 281 days of the one-year statute of limitations period had already passed between the date the judgments became final (August 7, 2007) and the date Petitioner filed his state postconviction petition (May 14, 2008). At that point, Petitioner had 84 days remaining in the limitations period

The statute of limitations was tolled until December 26, 2008, when the state district court dismissed Petitioner's postconviction petition. Because Petitioner did not file a timely notice of appeal, the limitations period began to run again on February 6, 2009, 42 days after the dismissal of the petition. *See Pace*, 544 U.S. at 414.  Petitioner was therefore required to file his federal Petition by May 1, 2009 (84 days after February 6, 2009). However, the instant Petition was not filed until August 24, 2012, over three and-a-half years too late. Therefore, the Petition is untimely unless Petitioner can show that he is entitled to equitable tolling for the remaining time period.

### B.  *Equitable Tolling*

To invoke equitable tolling, Petitioner must show that (1) he has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 130 S. Ct. at 2562. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.

**MEMORANDUM DECISION AND ORDER  8**

2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner explains the delay between the dismissal of his postconviction petition and the filing of his federal Petition as resulting from his reliance on the advice of his postconviction attorney. Postconviction counsel allegedly told Petitioner "that the only way he would prevail on any of his claims was to allow the Court to dismiss the Petition for Post Conviction Relief, and then Appeal the finding of dismissal." (Dkt. 11 at 2.) Petitioner then wrote to the attorney, stating, "[D]o what you need to do to end this, and I will move on to the next step, for all the good it will do." (*Id*. at 2-3.) Plaintiff asserts that he understood the "next step" to be an appeal from the dismissal of his postconviction petition, that he expected counsel to file an appeal, and that he specifically requested that counsel file an appeal. (*Id*. at 3, 5, 7.) Counsel did not do so.

At the time, Petitioner was incarcerated out-of-state with "no access to the laws of the state of Idaho." (Dkt. 11 at 3.) After returning to Idaho, Petitioner "waited several years to hear from the Idaho State Supreme Court to learn about his appeal." (*Id*.) Petitioner finally contacted the clerk of court, learned that no appeal had been filed, and tried, unsuccessfully to file an untimely notice of appeal from the dismissal of his postconviction petition. (*Id*. at 4.)

Petitioner's allegations do not establish that extraordinary circumstances "made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotation marks

**MEMORANDUM DECISION AND ORDER  9**

and alteration omitted). Inmates are routinely transferred between prisons, and sometimes even out-of-state prisons. Such transfers are hardly the sort of extraordinary circumstances that would justify equitable tolling.

Further, while an "extraordinary" instance of attorney failure can be grounds for equitable tolling, the attorney's conduct must amount to "far more than 'garden variety' or 'excusable neglect.'" *Holland*, 130 S. Ct. at 2564. Here, it is far from clear that Petitioner's postconviction attorney committed "egregious" conduct sufficient to justify equitable tolling. *See Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). Petitioner directed counsel "to end this [the postconviction petition], and I will move on to the next step." (Dkt. 11 at 2-3.) Counsel understood this to be a request for voluntary dismissal, which counsel dutifully filed. Though Petitioner alleges that he asked counsel to file an appeal as well, such an appeal would likely not have been entertained because the dismissal was requested by Petitioner himself. Thus, the failure of counsel either to file an appeal or to inform Petitioner that he would not do so, while perhaps negligent, does not appear to be an extraordinary circumstances that lends itself to equitable tolling.

Moreover, even if postconviction counsel's conduct could be considered egregious, Petitioner has not shown that he pursued his rights diligently between 2009 and 2012. Once Petitioner returned to Idaho, he waited—by his own admission—for several years without taking any action to determine the status of his postconviction appeal. *See Cuevas-Hernandez v. Wasden*, 2009 WL 4545160, *6 (D. Idaho Nov. 30,

**MEMORANDUM DECISION AND ORDER  10**

2009) (holding that petitioner did not diligently pursue his rights, in part because he "did not contact the courts directly" to check on the status of his cases until "two years after his cases had been resolved"). Petitioner does not allege that he contacted his postconviction attorney even once during the entire three and-a-half year period to check on the status of his postconviction petition. Petitioner simply has not shown that he was pursuing his rights diligently so as to justify the equitable tolling of AEDPA's statute of limitations.

**4.      Actual Innocence**

Petitioner has not brought forth any evidence that would suggest he is actually innocent. Therefore, he cannot rely on the actual innocence exception to the statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition with prejudice as time-barred.

## ORDER

**IT IS ORDERED:**

1.      The Motion for Summary Dismissal (Dkt. 9) is GRANTED, and this entire

        action is DISMISSED with prejudice as untimely.

2.      The Court does not find its resolution of this habeas matter to be reasonably

        debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER  11**

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner

files a timely notice of appeal, the Clerk of Court shall forward a copy of

the notice of appeal, together with this Order, to the United States Court of

Appeals for the Ninth Circuit. Petitioner may seek a certificate of

appealability from the Ninth Circuit by filing a request in that court.

DATED:  **January 14, 2014**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER  12**